**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL MENDOZA, | No. 13-74072 |
| Petitioner, | Agency No. A089-373-143 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Rafael Mendoza, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision finding him removable and denying his applications for

withholding of removal and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion a particularly serious crime determination, *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012), and we review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in determining that Mendoza's California Health & Safety Code § 11378 conviction is a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). The agency properly considered Mendoza's testimony in making its determination. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678-79 (9th Cir. 2010) (the agency may consider all reliable information, including the petitioner's testimony, in making a particularly serious crime determination). Contrary to Mendoza's contention, the agency was not required to examine each of the six criteria set forth in *Matter of Y-L-*, where Mendoza needed to meet all six requirements to rebut the particularly serious crime presumption, and the agency determined that Mendoza failed to meet two of them. 23 I. & N. Dec. 270, 276 (Op. Att'y Gen. 2002) (listing the six criteria a petitioner must establish "at a minimum").

Substantial evidence supports the agency's denial of CAT relief on the ground that Mendoza failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**